UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 11cv2414-IEG (CAB) |
| Petitioner, ) | ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |
| v. ) | |
| FLOYD STANDING WARRIOR, ) | |
| Respondent. ) | |

The Government has petitioned the Court for an order enforcing an Internal Revenue Service ("IRS") Summons issued to Floyd Standing Warrior ("Respondent"). On October 18, 2011, the Court issued an order to show cause why the IRS summons should not be judicially enforced. On November 2, 2011, the IRS served a copy of the order to show cause on Respondent. Respondent did not file a written response.

A hearing was held on the Government's petition on December 12, 2011, at 11:00 a.m. The United States was represented by Assistant United States Attorney Raven M. Norris. Respondent did not appear. For the reasons explained herein, the Government's Petition to Enforce the summons is granted.

///

///

///

## BACKGROUND

The IRS is conducting an investigation regarding Respondent's ability to pay assessed income tax liabilities for the 2005 and 2006 tax years. [Declaration of Revenue Officer John Black in Support of Petition ("Black Decl."), ¶¶ 2-3.] On May 10, 2011, in furtherance of the above investigation, John Black, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent. [Id. at ¶ 3; Ex. A.] On May 11, 2011, the IRS served a copy of the summons on Respondent by leaving a copy at his last and usual abode. [Id. at ¶ 4; Ex. B.]

The summons required Respondent to appear before the IRS on May 26, 2011 in order to give testimony and produce for examination documents and records specified in the summons. [Id. at ¶¶ 3,5.] On May 26, 2011, Respondent did not appear or otherwise provide documents and information requested by the summons. [Id. at ¶ 6.] The IRS provided Respondent another opportunity to comply with the summons and directed him to appear on June 30, 2011. [Id. at ¶ 7; Ex. C.] Respondent did not appear on June 30, 2011. However, on July 5, 2011, the IRS received a letter from Respondent indicating that he would be willing to appear at a later date. [Id. at ¶ 9.] Accordingly, the IRS provided Respondent until August 4, 2011 to appear and provide the summonsed information. [Id. at ¶ 10.] Respondent failed to appear on August 4, 2011, and did not provide any of the summonsed information. [Id.] To date, Respondent has not provided the documents and testimony requested by the summons. [Id. at ¶ 15.] The books, records, papers, and other data sought by the summonses are not already in the possession of the IRS. [Id. at ¶ 16.]

On October 17, 2011, the Government petitioned the Court to enforce the issued summons. On October 18, 2011, the Court ordered Respondent to appear on December 12, 2011 to show cause why he should not be compelled to comply with the summons. The IRS served the order to show cause on Respondent on November 2, 2011, and filed proof of service with the Court on November 3, 2011. Respondent did not file any written opposition to the Government's petition.

///
///
///
///

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue. . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction by the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120.  Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58.  The Supreme Court has characterized respondent's burden as a heavy one. Id.

The Government's petition and Revenue Officer Black's supporting declaration satisfies all four elements of the Powell standard. First, the IRS is conducting an investigation regarding Respondent's ability to pay assessed income tax liabilities for the 2005 and 2006 tax years. [Black Decl., ¶¶ 2, 3.]  Such an investigation is expressly authorized by 26 U.S.C. § 7602(a).  The Internal Revenue Code explicitly allows the issuance of summonses for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a).  Thus, the summons was issued for a legitimate purpose.  Second, Revenue Officer Black declared in his affidavit that the information requested by the summons may be relevant to the IRS's determination of Respondent's ability to pay income tax liabilities assessed against him.  [Id. at ¶ 18.] Third, the IRS does not already possess the papers, records, and other

data sought by the summons. [Id. ¶ 16.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summons. [Id. at ¶ 17.] Thus, the Government has made *prima facie* showing that it is entitled to judicial enforcement of the summons.

## CONCLUSION

For the reasons set forth herein, the Government's Petition to Enforce the IRS summons is GRANTED.  Respondent, Floyd Standing Warrior, is directed to appear before IRS Revenue Officer John Black or his designee, on **January 19, 2011, at 9:00 a.m.**, at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3295, San Diego, California, and to produce the documents and give testimony as directed in the summons.  The United States shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the United States, or as soon thereafter as possible.  Proof of such service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.

**IT IS SO ORDERED.**

**DATED: December 15, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**